## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **DEBORAH NELSON** ) | Civil Action No. 3:16-cv-00547-CRS |
| ) | |
| ) | |
| ) | |
| **PLAINTIFF,** ) | **ANSWER** |
| ) | |
| **v.** ) | |
| ) | *Electronically Filed* |
| **GORDON BIERSCH BREWERY** ) | |
| **RESTAURANT GROUP AND CRAFTWORKS** ) | |
| **RESTAURANT & BREWERIES GROUP, INC.** ) | |
| | |
| **DEFENDANT** | |

\* \* \* \* \* \*

Defendants Gordon Biersch Brewery Restaurant Group Inc. and Craftworks Restaurants & Breweries Groups, Inc. (collectively, "Defendants"), by counsel, for their Answer to the Complaint filed by Plaintiff Deborah Nelson ("Plaintiff"), state as follows:

### FIRST DEFENSE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and accordingly deny same.

2. Defendants admit that Gordon Biersch Brewery Restaurant Group Inc. ("Gordon Biersch") was a corporation doing business in Kentucky and had a principal office in Tennessee. Defendants deny any other averments contained in paragraph 2 of the Complaint.

3. Defendants admit that Craftworks Restaurants & Breweries Groups, Inc. ("Craftworks") was a corporation doing business in Kentucky and had a principal office in Colorado. Defendants deny any other averments contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit that Craftworks was the owner of the Gordon Biersch restaurant located at 400 S. 4th Street in Louisville, Kentucky at all times relevant. Defendants deny any other averments contained in paragraph 5 of the Complaint.

6. Defendants admit Craftworks is the parent company of Gordon Biersch. Defendants deny any other averments contained in paragraph 6 of the Complaint.

7. With respect to the allegations in paragraph 7 of the Complaint, Defendants admit that an incident involving Plaintiff occurred at the Gordon Biersch restaurant located at 400 S. 4th Street on August 11, 2015. Defendants deny any other averments set forth in paragraph 7 of the Complaint.

8. Defendants state that the allegations in paragraph 8 of the Complaint are legal conclusions to which no response is necessary, To the extent that there are factual allegations containing in paragraph 8 of the Complaint, Defendants deny them.

9. Defendants deny the allegations contained in paragraphs 9-16 of the Complaint.

10. Defendants state that the allegations in paragraph 17 of the Complaint are legal conclusions to which no response is necessary, To the extent that there are factual allegations containing in paragraph 17 of the Complaint, Defendants deny them.

11. With respect to the allegations in paragraph 18 of the Complaint, Defendants admit that the Plaintiff's claims against Defendants exceed the jurisdictional dollar amount

necessary to establish proper jurisdiction in this court.  Defendant denies any other averments set forth in paragraph 18 of the Complaint.

## SECOND DEFENSE

12. Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

## THIRD DEFENSE

13. Plaintiff's claims are barred, in whole or in part, by the failure of the Plaintiff to exercise ordinary care for her own safety, said failure being a substantial factor in causing the injuries and damages of which she complains, if any there be.

## FOURTH DEFENSE

14. Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff's injuries and damages, if any there be, were caused by the action or inaction of a third party or third parties over whom Defendants exercised no control.

## FIFTH DEFENSE

15. The injuries and damages complained of by Plaintiff in the Complaint were caused in whole or in party by her own fault, and any recovery must be reduced by her percentage of fault.

## SIXTH DEFENSE

16. The actions of Defendants were not a proximate cause of the injuries and damages complained of by Plaintiff in the Complaint.

## SEVENTH DEFENSE

17. Defendants reserve the right to assert additional affirmative defenses as may be warranted by the proof developed during discovery.

WHEREFORE, Defendants Gordon Biersch Brewery Restaurant Group Inc. and Craftworks Restaurants & Breweries Groups, Inc. demand that the Complaint against them be dismissed with prejudice and that Plaintiff recover nothing by way of her Complaint; that Defendants recover their costs herein expended, including attorney's fees; and, that Defendants have all further relief to which they may be entitled.

    Respectfully submitted,

    /s/ Douglas C. Ballantine
    Douglas C. Ballantine
    Kathryn S. Beck
    STOLL KEENON OGDEN PLLC
    2000 PNC Plaza
    500 West Jefferson Street
    Louisville, KY 40202
    Tel:   (502) 333-6000
    Fax:   (502) 333-6099
    E-mail: douglas.ballantine@skofirm.com
    E-mail: kathryn.beck@skofirm.com
    *Counsel for Defendants Gordon Biersch Brewery Restaurant Group Inc. and Craftworks Restaurants & Breweries Groups, Inc.*

## **CERTIFICATE OF SERVICE**

 I hereby certify that the foregoing was served by the Clerk of the Court using the Court's Electronic Case Filing (ECF) system and U.S. Mail this 1st day of September, 2016, upon the following:

Kevin B. Sciantarelli, Esq.
SCIANTARELLI LAW FIRM
4350 Brownsboro Road, Suite 110
Louisville, Kentucky 40207
(502) 893-4558
*Counsel for Plaintiff*

            /s/ Douglas C. Ballantine
            *Counsel for Defendants Gordon Biersch Brewery*
            *Restaurant Group Inc. and Craftworks Restaurants*
            *& Breweries Groups, Inc.*